Case 8:14-cv-01961-PWG   Document 4   Filed 07/23/14   Page 1 of 7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KEITH BRYAN WEBB-EL,              *

    Petitioner,                  *

v.                                *     Civil Action No. PWG-14-1961

TIMOTHY S. STEWART and            *
UNITED STATES PAROLE COMMISSION,
                                  *

    Respondents.
                                ***

**MEMORANDUM**

The above-captioned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, ECF No. 1, was filed on June 16, 2014, together with motions to proceed in forma pauperis, ECF No. 2, and for appointment of counsel, ECF No. 3. Because Petitioner appears to be indigent, his motion to proceed in forma pauperis will be granted. For the reasons stated below, the petition must be partially dismissed and the motion for appointment of counsel will be denied.

When construed liberally, as required by *Haines v. Kerner*, 404 U.S. 519, 520 (1972), Petitioner appears to assert two claims. First, he claims he is entitled to release on mandatory parole and that refusal to grant parole is a violation of his rights to due process and equal protection under the Fifth Amendment. Pet. 9–11. Second, he claims the United States Parole Commission ("Commission") improperly denied parole without providing a reason as required by 28 C.F.R. § 2.53(a). *Id.*

**I.   Constitutional Right to Parole**

Petitioner is a federal prisoner confined at Federal Correctional Institution-Cumberland for service of a life sentence imposed by the United States District Court for the Western District of Texas on September 19, 1986, after he was convicted of second-degree murder and injury to a

child.[1]  Pet. 2.  He claims that the Commission denied him release on parole in violation of his constitutional rights.  *Id.* at 9.  He argues that 18 U.S.C. § 4206(d) creates a protected liberty interest in being released on parole "after having served two-thirds of each consecutive term or terms, or after serving thirty years of each consecutive term or terms of more than forty-five years including any life term, whichever is earlier."  *Id.*  Yet Petitioner recognizes that the statute also provides that "the Commission shall not release such prisoner if it determines that he has seriously or frequently violated institution rules and regulations or that there is a reasonable probability that he will commit any Federal, Stat, or local crime."  18 U.S.C. § 4206(d); *see* Pet. 10.

This Court has the authority to review whether the Commission "exceeded its legal authority, acted unconstitutionally, or failed to follow its own regulations."  *Garcia v. Neagle*, 660 F.2d 983, 988 (4th Cir. 1981).  But, the "substantive parole determinations [are left] to the absolute discretion of the Commission" and are beyond judicial review.  *Id.* at 988–89.

It is well settled that the Constitution itself does not create a protected liberty interest in the expectation of parole.  *See Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979); *see also Jago v. Van Curen*, 454 U.S. 14, 18–21 (1981) (holding that a "'mutually explicit understanding'" that inmate will be paroled does not create a protected liberty interest); *Ellis v. District of Columbia*, 84 F.3d 1413, 1420 (D.C. Cir. 1996) (holding that, because the D.C. Parole board "is never '*required*'" to grant early release on parole when prerequisites for release are met, the regulations do not create a protected "liberty interest in parole).  "[B]ecause . . . prisoners have no protected liberty interest in parole they cannot mount a

---

[1] In a separate petition for writ of habeas corpus, Petitioner seeks to challenge the validity of his conviction.  *See Webb-El v. Stewart*, No. PWG-13-2785 (D. Md. filed Sept. 19, 2013).

challenge against a . . . parole review procedure on procedural (or substantive) Due Process grounds." *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997).

Petitioner also alleges that these same actions by the Commission violate the Equal Protection Clause of the Fifth Amendment. Pet. 9, 11. To succeed on an equal protection claim, "a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001). Arbitrary and capricious refusal of the right to parole, without these elements, does not establish an equal protection claim. *Townes v. Jarvis*, 577 F.3d 543, 552 (4th Cir. 2009). Petitioner does not allege that he was similarly situated to any of the parolees who were released, or that the denial of his parole was the result of unlawful discrimination. *See Brown-El v. Va. Parole Bd.*, 948 F. Supp. 558, 561 (E.D. Va. 1996). The Commission "exercised its statutory discretion with the result that some violators were incarcerated while others were not." *Id.* Indeed, "[g]iven [the] different conditions and the myriad of factors involved in deciding parole revocation, '[i]t is difficult to believe that any two prisoners could ever be considered "similarly situated" for the purpose of judicial review of an equal protection claim.'" *Id.* (quoting *Reffitt v. Nixon*, 917 F. Supp. 409, 414 (E.D. Va. 1996)). Thus, the substance of the Commission's decision to deny Petitioner's release on parole does not present a constitutional claim under the Due Process or the Equal Protection Clauses and must be dismissed.

## II.     Mandamus Relief

Petitioner further alleges that the Commission issued a decision that was arbitrary and capricious because no reason was stated for the decision denying him release on parole. Pet. 10–11 (citing Feb. 14, 2014 Parole Decision, Pet. Ex. B, ECF No. 1-2). Petitioner argues that the

Commission previously denied release on parole based on institutional rule violations, none of which occurred between the two reviews for parole, such that they could not deny parole validly again for the same reason. Pet. 10. He contends that, if the Commission relied again on the same institutional infractions upon which it previously relied, it would be an attempt to punish him twice for the same offense, in violation of the Double Jeopardy Clause of the Fifth Amendment. *Id.* As relief, he seeks an order directing "the parole commission to provide a valid reason for denial of mandatory parole." *Id.* at 11.

This request may be construed as a request for mandamus relief under 28 U.S.C. § 1361, which provides that the federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a petitioner. *See* Fed. R. Civ. P. 1. In order to meet the requirements for mandamus relief, a petitioner must show: (1) that he has the clear legal right to the relief sought; (2) that the respondent has a clear legal duty to do the particular act requested; and (3) that no other adequate remedy is available. *See In re First Fed. Sav. & Loan Ass'n of Durham*, 860 F.2d 135, 138 (4th Cir. 1988); *Asare v. Ferro*, 999 F. Supp. 657, 659 (D. Md. 1998).

The failure to show any of these prerequisites defeats a district court's jurisdiction under 28 U.S.C. § 1361. *See Nat'l Ass'n of Gov't Emps. v. Fed. Labor Rel. Auth.*, 830 F. Supp. 889, 898 (E.D. Va. 1993). Thus, mandamus cannot be used to compel the performance of discretionary duties of federal government officers. *See Shoshone-Bannock Tribes v. Reno*, 56 F.3d 1476, 1480 (D.C. Cir. 1995); *Plato v. Roudebush*, 397 F. Supp. 1295, 1304 (D. Md. 1975) (citing *Wilbur v. United States*, 281 U.S. 206, 218–19 (1930)). Rather, "[a] court may properly

issue a writ of mandamus only if 'the duty to be performed is ministerial[2] and the obligation to act peremptory and clearly defined.  The law must not only authorize the demanded action, but require it; the duty must be clear and undisputable.'" *Shoshone Bannock Tribes*, 56 F.3d at 1480 (quoting *13th Reg'l Corp. v. Dep't of Interior*, 654 F.2d 758, 760 (D.C. Cir. 1980)).  Put another way, "mandamus is 'a remedy long restricted . . ., in the main, to situations where ministerial duties of a nondiscretionary nature are involved.'" *Plato*, 397 F. Supp. at 1304 (quoting *Panama Canal Co. v. Grace Line, Inc.*, 356 U.S. 309, 318 (1958)).  Further, the issuance of a writ of mandamus under § 1361 is an extraordinary remedy and is a matter of judicial discretion.  *See Carter v. Seamans,* 411 F.2d 767, 773 (5th Cir. 1969) (citations omitted).  Even if the three prerequisite elements are satisfied, the mandamus remedy lies within the discretion of the trial court.  *See Oregon Nat'l Res. Council v. Harrell*, 52 F. 3d 1499, 1508 (9th Cir. 1995).

As explained above, Petitioner has no constitutional right to parole.  But, he has a statutory right to parole after serving the requisite sentence, as granted by either 28 U.S.C. § 4206(d) or 28 C.F.R. § 2.53(a), unless that statutory right is removed by the Commission's finding, after a hearing, that there is "a reasonable probability [1] that the prisoner will commit any Federal, State, or local crime or [2] that the prisoner has frequently or seriously violated the rules of the institution in which he is confined."  28 C.F.R. § 2.53(a).  The Commission has denied his release, citing 18 U.S.C. § 4206(d), but without stating its findings.  *See* Feb. 14, 2014 Parole Decision.  Therefore, the remaining question is whether Petitioner is entitled to an order directing the Commission to give a more detailed explanation for its decision.

---

[2] "'[A] duty or act i[s] ministerial . . . when there is no room for the exercise of discretion . . . the performance being required by direct and positive command of the law.'" *Plato*, 397 F. Supp. at 1304 (quoting 52 Am. Jur. 2d Mandamus § 80, at 403 (1970)).

To obtain this relief, Petitioner must show that he has a "clear legal right" to such a written explanation and that the Commission is under "a clear duty" to issue such an explanation. *See In re First Fed. Sav.*, 860 F.2d at 138. It is premature to rule today on the question of whether the Commission's reasoning was constitutionally and statutorily adequate. *See, e.g.*, *Franklin v. Shields*, 569 F.2d 784, 801 (4th Cir. 1977) (en banc) (per curiam) ("the only explicit constitutional requisite is that the [Virginia Parole] Board furnish to the prisoner a statement of its reasons for denial of parole."). *But see Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997) ("prisoners have no protected liberty interest in parole [and therefore] they cannot mount a challenge against a . . . parole review procedure on procedural (or substantive) Due Process grounds."). Respondent will be required to respond to that claim only and show cause why mandamus relief should not be granted.

### III. Appointment of Counsel

A federal district court's power to appoint counsel under 28 U.S.C. § 1915(e)(1)[3] is a discretionary one, and may be considered where an indigent claimant presents exceptional circumstances. *See Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975); *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982). The question of whether such circumstances exist in a particular case hinges on the characteristics of the claim and the litigant. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U.S. Dist. Court*, 490 U.S. 296, 298 (1989). Where a colorable claim exists but the litigant has no capacity to present it, counsel should be appointed. *Id*.

As exceptional circumstances, Petitioner argues that he suffers from "schizoaffective and Bipolar multiple personality mental disorder." Mot. for Counsel 1. However, upon careful

---

[3] Under § 1915(e)(1), a court of the United States may request an attorney to represent any person unable to afford counsel.

consideration of his filings, I find that he has demonstrated the wherewithal either to articulate the legal and factual basis of his claims himself or to secure meaningful assistance in doing so. The issues pending are not unduly complicated, and there is no indication at this juncture that the case will require a hearing or proceed to trial.  Therefore, there are no exceptional circumstances that would warrant the appointment of an attorney to represent Petitioner under § 1915(e)(1).

That said, in light of the difficulties expressed by Petitioner, I will reconsider the issue if developments in this case later merit appointment of counsel.  Therefore, I will deny the motion without prejudice.

**IV.   Conclusion**

Petitioner's constitutional claim shall be dismissed without requiring a response, but Respondents shall respond to his request for a more detailed explanation for his parole denial. Petitioner's motion to proceed in forma pauperis, ECF No. 2, will be granted and his motion for appointment of counsel, ECF No. 3, will be denied without prejudice.  A separate order follows.


July 22, 2014                                                        /S/
_____                        _____
Date                                                                  Paul W. Grimm
                                                                      United States District Judge

consideration of his filings, I find that he has demonstrated the wherewithal either to articulate the legal and factual basis of his claims himself or to secure meaningful assistance in doing so. The issues pending are not unduly complicated, and there is no indication at this juncture that the case will require a hearing or proceed to trial.  Therefore, there are no exceptional circumstances that would warrant the appointment of an attorney to represent Petitioner under § 1915(e)(1).

That said, in light of the difficulties expressed by Petitioner, I will reconsider the issue if developments in this case later merit appointment of counsel.  Therefore, I will deny the motion without prejudice.

**IV.   Conclusion**

Petitioner's constitutional claim shall be dismissed without requiring a response, but Respondents shall respond to his request for a more detailed explanation for his parole denial. Petitioner's motion to proceed in forma pauperis, ECF No. 2, will be granted and his motion for appointment of counsel, ECF No. 3, will be denied without prejudice.  A separate order follows.

July 22, 2014                                            /S/
_____                          _____
Date                                                     Paul W. Grimm
                                                         United States District Judge