IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KEITH BRYAN WEBB-EL, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. PWG-14-1961 |
| TIMOTHY S. STEWART, | * | |
| Respondent. | * | |

\*\*\*

## MEMORANDUM OPINION

Pending are the Response to Show Cause Order and Motion to Dismiss, ECF No. 6, and Motion to Seal Records, ECF No. 8, that Respondents Warden Timothy S. Stewart and the United States Parole Commission (the "Commission") filed, as well as Petitioner Keith Bryan Webb-El's Motion for Reconsideration of the Court's dismissal of his constitutional claims, ECF No. 10. Petitioner also seeks an order to hold this case in abeyance while he exhausts administrative claims, and he opposes Respondents' motions. *Id.* Respondents oppose Petitioner's motion insofar as it seeks reconsideration and stay and abeyance, but concede that redacted copies of the records sought to be sealed may be filed on the Court's public docket. ECF No. 11. On that basis, Respondents' Motion to Seal will denied. For the reasons that follow, Respondents' Motion to Dismiss will be granted, and Petitioner's Motion for Reconsideration will be denied.

By way of background, Petitioner was sentenced to serve life imprisonment on September 19, 1985, after he was convicted of the second-degree murder of his six-year-old stepson. He currently is incarcerated at the Federal Correctional Institution (FCI) in Cumberland, Maryland, and he filed his Petition to challenge the Commission's decision to deny his mandatory parole. Pet., ECF No. 1. Specifically, he asserts that the construct of the federal

parole statute entitles him to mandatory parole following service of thirty years on his life sentence and, in the event he is not paroled, he must be provided a reason. *Id.*; *see* 18 U.S.C. § 4206(d); 28 C.F.R. § 2.53(a). The initial decision provided to Petitioner did not contain a statement explaining why parole was denied. Notice, Pet. Ex. B, ECF No. 1-2.

On initial review, I dismissed Petitioner's constitutional claims, such that the sole issue remaining for response is whether he was entitled to mandamus relief regarding the statement of a reason for the denial of his mandatory parole. Mem. & Order, ECF Nos. 4 and 5. The parties agree that Petitioner now has received a statement of a reason for the decision to deny parole.

However, as noted, Petitioner seeks reconsideration of my earlier decision dismissing his constitutional claims. He contends that I improperly construed the constitutional claims raised. According to Petitioner, he raised two constitutional claims. First, he claimed that 18 U.S.C. § 4206(d) creates a protectable liberty interest because it contains mandatory terms for release on parole. He cites *Greenholtz v. Inmates of Nebraska Penal & Correctional Complex*, 442 U.S. 1 (1979) in support of his assertion it is a violation of his right to due process to deny his release on parole. Pet.'s Mot. 3–4.

In *Greenholtz*, the Supreme Court examined the parole consideration procedures in place in Nebraska and observed:

> There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence. The natural desire of an individual to be released is indistinguishable from the initial resistance to being confined. But the conviction, with all its procedural safeguards, has extinguished that liberty right: "[G]iven a valid conviction, the criminal defendant has been constitutionally deprived of his liberty." *Meachum v. Fano*, 427 U.S. 215, 224 (1976).
>
> Decisions of the Executive Branch, however serious their impact, do not automatically invoke due process protection; there simply is no constitutional guarantee that all executive decision-making must comply with standards that assure error-free determinations. *See id.*, at 225; *Montanye v. Haymes*, 427

U.S. 236 (1976); *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976). This is especially true with respect to the sensitive choices presented by the administrative decision to grant parole release.

*Greenholtz*, 442 U.S. at 7. While the Court recognized that a statutory scheme may give rise to a liberty interest if there are provisions requiring certain results or limiting the material considered by a paroling authority, that sort of statutory scheme is not present in this case. The operable statutory language in this case is as follows:

> Any prisoner, serving a sentence of five years or longer, who is not earlier released under this section or any other applicable provision of law, shall be released on parole after having served two-thirds of each consecutive term or terms, or after serving thirty years of each consecutive term or terms of more than forty-five years including any life term, whichever is earlier. Provided, however, that *the Commission shall not release such prisoner if it determines that he has seriously or frequently violated institution rules and regulations or that there is a reasonable probability that he will commit any Federal, State, or local crime.*

18 U.S.C. § 4206(d) (emphasis supplied). The Commission retains not only the power, but a duty to deny release on parole of any prisoner the Commission determines is likely to re-offend. In Petitioner's case, that determination was made. *See* Post Hr'g Assessment 3, Respondents' Mot. Ex. 28, ECF No. 7-13 ("This Examiner finds there is a reasonable probability the subject would commit new federal, state or local crimes upon release, based on the information noted."). The statute does not create a reasonable expectation of release on parole simply by virtue of the passage of time.

Petitioner states that his second claim is "that the Parole Commission violated his substantive, and procedural due process and equal protection of the law Fifth Amendment Constitutional rights [w]hen the Commission denied him mandatory parole . . . without providing him with a valid statement of reasons." Pet.'s Mot. 4. The failure of the Commission to comply

with a ministerial act is not a constitutional claim, but, as I noted in my prior decision, is a basis for mandamus relief. Therefore, Petitioner's Motion for Reconsideration will be denied.

In light of the undisputed fact that the ministerial act now has been performed and Petitioner has been provided a reason for the Commission's decision, there is no further remedy available from this Court. "A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution." *Aragon v. Shanks*, 144 F.3d 690, 691 (10th Cir. 1998) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). The parties must continue to have a "personal stake in the outcome" of the lawsuit. *Id.* at 478 (quoting *Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983)). Thus, Petitioner's remaining claim is moot and will be dismissed. *See Aragon*, 144 F.3d at 691.

Petitioner's request for "stay and abeyance" pending his administrative appeal of the Commission's decision appears to be based on his concern that he will be denied a judicial remedy if this case is dismissed. A stay and abeyance is available only in limited circumstances and may be granted only rarely, as it effectively excuses a failure to exhaust a claim. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). Petitioner made no effort to exhaust administrative review of his claim prior to filing his Petition, and the mandamus relief sought has been provided. Accordingly, the Petition must be dismissed by separate Order, which follows.

| | |
|---|---|
| 11/20/14 | /s/ |
| Date | Paul W. Grimm<br>United States District Judge |